IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| RAMESHBHAI PATEL, et al., | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 3:15cv829-MHT |
| | ) | (WO) |
| JAMES O. AMONETT, | ) | |
| | ) | |
|     Defendant. | ) | |
| | | |
| VINODKUMAR PATEL, | ) | |
| individually and on behalf | ) | |
| of minor child S.V.P., and | ) | |
| JYOTSNA PATEL, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 3:15cv830-MHT |
| | ) | (WO) |
| JAMES O. AMONETT, | ) | |
| | ) | |
|     Defendant. | ) | |

OPINION

These two lawsuits, in which a proposed settlement has been reached, arise out of a car accident.  Plaintiffs are Vinodkumar Patel, individually and on behalf of his 15-year-old child S.V.P.; Jyotsna Patel, the wife of Vinodkumar Patel and mother of S.V.P.; and four of their relatives.  Defendant is James O. Amonett.  Jurisdiction is

proper under 28 U.S.C. § 1332 (diversity of citizenship).

These cases are now before the court for consideration and approval of the full and final settlement of the claims of S.V.P.   The court's consideration and approval is necessary because a minor child will receive a portion of the settlement.   Pursuant to the court's order, S.V.P.'s interests are additionally and independently represented by guardian ad litem Karen Laneaux.   Based on the pleadings and the representations made on the record, the court will approve the settlement.

The factual and procedural background of this case may be summarized as follows: In August 2013, a minivan carrying S.V.P. and six of his family members on Interstate 85 in Macon County, Alabama was hit in the rear by a vehicle allegedly driven by Amonett.   Plaintiffs suffered varying degrees of injuries.   S.V.P. was transported by ambulance to a hospital in Montgomery, Alabama, but no serious injuries were diagnosed.   After experiencing some back and neck pain, he visited a chiropractor on two occasions, the last time six days after the accident.   His pain soon subsided, and he experienced no further injuries

or effects of the accident.  Plaintiffs subsequently filed these two lawsuits against Amonett in state court, alleging that his negligence caused the accident.  Amonett removed the actions to this court, where they were consolidated.

Under the terms of the proposed settlement, Amonett will pay the aggregate sum of $ 23,500.00 to satisfy all possible claims by S.V.P.  From that amount, Allstate Insurance Company will receive $ 7,000.00 for payments made on behalf of S.V.P.; Baptist Medical Center will receive $ 4,108.50 for outstanding charges for S.V.P.'s medical treatment; S.V.P.'s father will receive $ 1,098.90 for reimbursement of payment for the ambulance used to transport S.V.P.; and S.V.P.'s counsel will receive $ 6,800.00 for attorneys' fees.  Those payments leave a net recovery of $ 4,492.60 for S.V.P.

The court has reviewed the pleadings in this case and is familiar with the background of this lawsuit.  The court heard testimony from S.V.P. as well as his parents who all testified that they believe the settlement is in S.V.P.'s best interests.  The guardian ad litem concurred with one caveat.  The court received testimony about the relatively

minimal injuries sustained by S.V.P., his brief subsequent medical care, and the lack of any lingering injuries, pain or effects of the accident.  The court concludes that the aggregate sum paid to satisfy all possible claims by S.V.P. likely equals or exceeds the amount of damages S.V.P. would be likely to be recover had these cases gone to trial.

Because plaintiffs' counsel represented all seven plaintiffs in this litigation, the court was concerned that counsel had a "sum zero" conflict in deciding how to divide the settlement proceeds among the plaintiffs--that is, "one plaintiff's gain could be another plaintiff's loss." Johnson v. United States, 2016 WL 482034, at *2 (M.D. Ala. 2016) (Thompson, J.).  However, counsel represented that the aggregate sum to satisfy the claim on behalf of S.V.P. was negotiated prior to and completely separately from the amounts for claims of the adult plaintiffs.  In addition, any concerns about a potential conflict are allayed by the guardian ad litem's independent and thoughtful assessment of this litigation and the evidence and representations presented to the court.  See id. at *3 ("Based on the guardian ad litem's independent and thoughtful assessment

of this litigation as well as all the evidence and other representations presented to the court, the[ zero sum] concerns are allayed.").

The parties have proposed that the net recovery for S.V.P. would be paid to his father for S.V.P.'s use and benefit, which comports with Alabama law.  See 1975 Ala. Code § 26-2A-6.  The amount will be deposited into an interest-bearing account until S.V.P., who is now 15 years old, requires the funds for his college education. According to the guardian ad litem, S.V.P. reported that he had no immediate need for the funds and agreed that he should save his proceeds for college.  S.V.P.'s father testified consistently about his understanding of his obligation to reserve the amount for the sole use and benefit of S.V.P.

Although the guardian ad litem believes that the settlement is in S.V.P.'s best interest, she expressed concern that the amount of attorneys' fees exceeds the "net" recovery for S.V.P. and suggested that counsel should consider reducing their fees.  While this concern is important, it must also be emphasized that S.V.P.'s total

recovery ($ 16,700.00) is actually significantly greater than the amount of attorneys' fees ($ 6,800.00). The relatively low "net" recovery ($ 4,492.60) is driven by the particular circumstances of this accident, namely that it occurred outside the Patels' home state, leading to high medical bills despite the relatively minimal injuries. In that sense, this case is unique. In addition, the fees are reasonable under the factors set forth in Peebles v. Miley, 439 So.2d 137 (Ala. 1983), and the fees have been duly earned by counsel. The representation of S.V.P. required significant learning, skill, and labor for its proper discharge; the attorneys achieved a successful result, that is, a favorable settlement in light of the relatively minimal injuries; the attorneys and plaintiffs agreed to a contingency-fee arrangement, which is customary for such cases in this jurisdiction; and the attorneys' time devoted to this case could have been profitably spent on other matters. Moreover, counsel have reduced their recovery from the 40 % contingency fee arrangement to 28.9 % of the aggregate sum; waived approximately $ 650.00 in costs; and

obtained reductions in payments owed to third parties to increase S.V.P.'s net recovery.*

The court is satisfied that the terms and provisions of this settlement are understood and agreed to by S.V.P. and his parents. Based on the record and testimony, as set forth above, the court finds that all the terms and provisions of the proposed settlement are in the best interests of S.V.P. and are fair, just, and reasonable under the circumstances of this case. Therefore, the court will approve the proposed settlement agreement as to S.V.P.

An appropriate judgment will be entered.

DONE, this the 3rd day of March, 2017.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE

---

* Based on counsel's representations, the court conditions its approval of the settlement on counsel's continued best efforts to obtain further reductions in liabilities owed on behalf of S.V.P. to Allstate Insurance Company and Baptist Medical Center, which, if successful, would further increase S.V.P.'s net recovery.